IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT A. MORTKO, *individually and*
*doing business as Made in the Shade Gardens*,

          Plaintiff,

v.                                          Case No. 22-2176-JWB

MICHAEL KRUEGER and
FRANCES MASON, *individually and doing*
*business as Hollywood Bob's Hosta Farm*; and
HOLLYWOOD BOB'S HOSTA FARM,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to remand to state court. (Doc. 11.) The motion is fully briefed and is ripe for decision. (Docs. 13, 15.) For the reasons stated herein, the motion to remand is DENIED.

**I. Facts**

Plaintiff filed this action in the district court of Johnson County, Kansas, asserting various state law claims. (*See* Doc. 1-1 at 3.) Defendants filed a notice of removal on May, 12, 2022, alleging this court has subject matter jurisdiction under 28 U.S.C. § 1332 due to diversity of citizenship and an amount in controversy exceeding $75,000. (Doc. 1 at 3.) Plaintiff responded with a motion to remand, which argues that the amount in controversy does not exceed $75,000. (Doc. 11.)

The petition sets forth six counts. (Doc. 1-1 at 3.) Count I alleges breach of contract and seeks $7,006.50 in damages, plus a reasonable attorney's fee (pursuant to a contractual provision)

and prejudgment interest. (*Id.* at 12.) Count II alleges breach of an implied agreement and seeks damages of $21,136.50, plus attorney's fees and prejudgment interest. (*Id.* at 13.) Count III alleges promissory estoppel, and although it seeks $62,518 in damages, it indicates this includes all of the relief requested in Counts I and II, such that it effectively seeks $34,375 in damages not sought in other counts. (*Id.* at 15.) Count IV alleges unjust enrichment and seeks damages of $15,241, plus prejudgment interest. (*Id.* at 18.) Count V alleges a claim for quantum meruit and seeks damages of $16,909.20. (*Id.* at 19.) The petition indicates the latter figure represents eighty percent of the same damages sought under Count II, and thus does not increase the amount of damages sought. (*Id.* at 19.[1]) Count VI alleges defamation and requests damages "in an amount to be determined." (*Id.* at 21.) An introductory section of the petition discussing jurisdiction states that Plaintiff "seeks damages of $70,752.50, plus reasonable attorney's fees, prejudgment interest, damages for defamation in an amount to be determined, and such other and further relief as this Court deems just and proper, all as described below." (*Id.* at 5.)

The notice of removal alleges that the $75,000 threshold is met because the damages claimed, excluding duplicative items, total $77,759.00, with additional requests for damages for defamation, prejudgment interest, and attorney's fees. (Doc. 1 at 4.) In response, Plaintiff asserts that the total damages after elimination of overlapping items is only $70,752.50. (Doc. 11 at 2; Doc. 1-1 at 5.) Plaintiff contends Counts IV and V "clearly came from the previously-plead claims" and represent alternative claims for most of the same damages claimed in those counts.[2]

---

[1] Count V of the petition, which seeks $16,909.20 in damages for quantum meruit, alleges: "Of the $21,136.50 amount due to Mr. Mortko for Defendants not paying for his labor or the plants under production, approximately 80% of this amount constitutes labor cost." (Doc. 1-1 at 19.) Count II sought $21,136.50 in damages based on certain plants that are "'on hold' as they sit in various stages of production." (*Id.* at 13.) The damages sought in Count V are thus 80% of the damages sought in Count II.

[2] Plaintiff's duplicative damage calculation is not obvious from the face of the petition or from the briefs. (*See* Doc. 11 at 5) ("Plaintiff's next claim, unjust enrichment, totals $8,234.50 of new claims. … This number is the sum of these two amounts: $3,234.50 and $5,000. The total amount sought under this claim is $15,241. … The difference between

2

Plaintiff further argues prejudgment interest is excluded when calculating the amount in controversy and that Defendants have failed to show what a reasonable attorney's fee would be. With respect to the defamation claim, Plaintiff asserts that he "judiciously refrained from quantifying his damages" because the amount is not "capable of being quantified" until evidence is gathered and the amount "will be determined at some later point in time." (Doc. 11 at 5-6.)

## II. Standards

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction of civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If such an action is brought in state court, a defendant may be able to remove it to federal court. *See* 28 U.S.C. § 1441.

"The amount in controversy is not proof of the amount the plaintiff will recover;" it is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). The "sum claimed by the plaintiff [in the complaint] controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "Similarly, when a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation [in the notice of removal] should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). If the plaintiff challenges the defendant's allegation, the removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the threshold amount. *Id.* at 88 (quoting 28 U.S.C. § 1446(c)(2)(B)). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.*

---

the total amount sought and the amount of new damages is $7,006.50, the exact amount plead under the breach of contract claim.")

A removing defendant may prove contested jurisdictional facts, among other means, "by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *McPhail*, 529 F.3d at 954 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). "The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint…." *Id.*

**III. Analysis**

The court accepts the petition's allegation that Plaintiff "seeks damages of $70,752.50" (plus unspecified amounts for attorney's fees, prejudgment interest, and defamation damages) on the counts where damages are specified. Although Plaintiff's overlapping itemization of damages in the petition is somewhat confusing and could be construed as claiming more than the foregoing amount, there is no indication that Plaintiff's $70,752.50 figure was not made in good faith. Accordingly, the question becomes whether Defendant has shown by a preponderance of evidence that more than $4,247.50 ($75,000 minus $70,752.50) is in controversy with respect to any or all of the items not quantified in the petition: attorney's fees, prejudgment interest, and damages from defamation.

The court first excludes prejudgment interest from consideration. Section 1332(a) directs that the amount in controversy be determined "exclusive of interest and costs," and for purposes of this section courts have defined interest as "a sum that becomes due because of delay in payment." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1584 (D. Kan. 1997) (citing

4

*Principal Mut. Life Ins. Co. v. Juntunen*, 838 F.2d 942, 943 (7th Cir. 1988)).  Although there may be circumstances where it is appropriate to include prejudgment interest, Defendant has not argued that it should be included here, and the court accordingly excludes it.  (*See* Doc. 13.)

With regard to defamation damages, Defendant points out that Plaintiff did not request nominal damages in the petition – and in fact, Plaintiff does not agree now that his defamation damages are nominal.  (Doc. 15 at 5-6) ("To be sure, Plaintiff is not hoping that his recoverable damages under this cause of action will be nominal. … [T]he damages will be what they will be….")  It is thus clear that Plaintiff's claimed damages for defamation seek more than a nominal amount.  Moreover, the court concludes Defendant has shown that the value of the damages claimed on this claim alone likely exceed the remaining $4,247.50 amount required to meet the jurisdictional threshold. The petition alleges that Plaintiff's reputation has been damaged "within the industry, with current customers, and with potential future customers," and accordingly requests damages "in an amount to be determined." (Doc. 1-1 at 43.)  The balance of the petition shows that Plaintiff's business has substantial economic value; some of his other claims seek tens of thousands of dollars in damages.  It is a reasonable inference from these allegations that the amount in controversy on the defamation claim alone exceeds $5,000.  *Cf. McPhail*, 529 F.3d at 955 ("[T]he defendant may rely on an estimate of the potential damages from the allegations in the complaint. … A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.")  A plaintiff may avoid removal to federal court by stipulating in the petition that the claimed damages are below the threshold amount.  *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013).  But a plaintiff may not avoid an otherwise proper removal simply by pleading intentionally vague allegations.  Fairly construed, Plaintiff's petition shows that the amount in controversy exceeds $75,000.

Any conceivable doubt about whether the jurisdictional threshold was met here is dispelled by the fact that the attorney's fees requested in the petition are also properly included in the amount in controversy. The petition alleges the parties had an agreement requiring any party in flagrant violation of the agreement to pay the other party's attorney's fees incurred in enforcing the agreement. (Doc. 1-1 at 30.) When attorney's fees are sought pursuant to a contractual provision, as is the case here, the requested fees are properly included in the amount in controversy. *See Minimally Invasive Surgery Hosp., Inc. v. Arnold*, No. CIV. A. 08-2637-KHV, 2009 WL 1874033, at *3 (D. Kan. June 30, 2009) ("Where a litigant has a contractual right to recover attorney's fees, the Court may include a reasonable estimate of those fees in determining the amount in controversy.") (citing *Gerig v. Krause Publ'ns, Inc.*, 58 F.Supp.2d 1261, 1264 (D.Kan.1999)). *See also Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 541-42 (1913) (attorney's fee provision in bond could be considered in determining whether the jurisdictional amount was met); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy.") (citation omitted). And although it is true, as Plaintiff points out, that this court has often required expert affidavits or other evidence to establish the likely amount of attorney's fees, in this instance the court finds Defendant has made a sufficient showing from the allegations in the petition. Pure speculation is not permitted in establishing the likely amount of an attorney fee, but common sense and reasonable inferences are permitted. Defendant has pointed to the nature of the claims in the petition, the level of complexity involved, and the amount of damages otherwise claimed by Plaintiff. After considering these factors, the court finds Defendant has shown by a preponderance of the evidence that a reasonable attorney's fee to enforce this agreement, together with the damages requested for defamation, would exceed

the $4,247.50 amount required to meet the jurisdictional threshold.  *Cf. Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("Considering the realities of modern law practice and the complexities of this case, we cannot say that, viewed as of the date of removal, it would be unreasonable to expect plaintiff to incur an additional $2,117.50 in attorney's fees.")

**IV. Conclusion**

Plaintiff's motion to remand (Doc. 11) is DENIED.  IT IS SO ORDERED this 12th day of September, 2022.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE